**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ARTHUR MACK WOODS, JR., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )    **Case No. CIV-26-19-G** |
| | ) |
| GREER COUNTY SHERIFF DEPARTMENT | ) |
| et al., | ) |
| | ) |
| **Defendants.** | ) |

**REPORT AND RECOMMENDATION**

In conformance with 28 U.S.C. § 1915, Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs (Motion) (ECF No. 6). United States District Judge Charles B. Goodwin referred the matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). *See* ECF No. 3.

On January 28, 2026, the Motion was reviewed by the undersigned and found to be deficient. Plaintiff was ordered to file an amended application providing detailed answers for every question. In addition, because Plaintiff listed no living expenses at all, Plaintiff was required to explain what cost of living expenses are met by other persons, if any (e.g., transportation, housing, utilities, food and personal care expenses). *See* ECF No. 7.

On March 6, 2026, Plaintiff filed a second Application to Proceed in District Court without Prepaying Fees or Costs (Motion) (ECF No. 8). For the following reasons, the

undersigned recommends the Court deny Plaintiff's request to Proceed in District Court without Prepaying Fees or Costs.

## I.    ANALYSIS

The filing fee for a civil case in this Court is $405.00.[1] Courts have discretion in deciding whether to grant a civil litigant permission to proceed without prepayment of fees or costs—that is, in forma pauperis ("IFP"). 28 U.S.C. § 1915(a); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998) (citation modified). To succeed on an application to proceed IFP, the movant must show "a financial inability to pay the required filing fees." *Lister*, 408 F.3d at 1312.

In his first Motion Plaintiff declared he was self-employed earning $120.00 monthly "cutting grass," but in his second Motion he indicates he is not employed and has no income. Plaintiff also initially indicated "YES' to questions #2(a) Business, profession, or other self-employment and #2(b) Rent payments, interest, or dividends and reports, but failed to describe each source of money or state the amount received, or what he expected to receive in the future, but in his second Motion he indicates "NO" to all #2 questions. *Compare* ECF Nos. 6 and 8; questions #1 and #2.

---

[1] The total filing fee includes a base fee of $350.00 plus an administrative fee of $55.00. *See* 28 U.S.C. § 1914(a); *Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

Plaintiff's first Motion indicated no other income and "80.00" in cash or checking and savings account but when answering  to the same question in his second Motion Plaintiff reports $300.00 in cash or checking and savings account. *Compare* ECF Nos. 6 and 8; question #3.

Also in his first Motion Plaintiff reported "NO" to questions #4, #5 and #6. Question #7 was answered by a line only. Now in his second Motion Plaintiff lists a "Tahoe 2006 Truck" in question #4 and a trailer home in Granite, Oklahoma in question #5. *Compare* ECF Nos. 6 and 8; questions #4, #5, #6 and #7. Plaintiff has provided no values and no recurring payments. Also though the undersigned presumes Plaintiff has regular living expenses, such as housing, food, gas, and perhaps internet or a cell phone bill, Plaintiff's Applications list none. Plaintiff provides *no* information regarding any regular monthly expenses at all. Plaintiff's Application remains incomplete in a myriad of ways.

An incomplete application to proceed IFP is often insufficient to establish that IFP status should be granted. *See id.* at 1313 ("We conclude that the district court did not abuse its discretion in denying IFP status after [plaintiff], having been specifically instructed on how to establish indigent status, failed to fill out the proper forms or to otherwise provide the district court with the requisite information.").

The Plaintiff has failed to properly complete the Application and has not provided the Court with the required information. Accordingly, Plaintiff's application is insufficient to grant him IFP status.

## II.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiff's Applications to Proceed in District Court Without Prepaying Fees or Costs (Motions) **(ECF Nos. 6 and 8)** and that he be ordered to prepay the full **$405.00** filing fee for this action to proceed. *See 28 U.S.C. § 1915(a)(1). Lister v. Department of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (magistrate judge should issue a report and recommendation when denying motion to proceed in forma pauperis).

## III. NOTICE OF RIGHT TO OBJECT.

Plaintiff is advised that he may file an objection to this Report and Recommendation with the Clerk of this Court by **April 16, 2026.** Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This report and recommendation terminates the referral to the undersigned magistrate judge in the captioned matter.

ENTERED on March 30, 2026.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE